[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE, 2/1/01
By way of background, the plaintiff, partially disabled from a stroke, allegedly tripped and fell on a sidewalk being repaired at 86 Victory Street in Stamford at about 6:00 a.m. on 5/4/99. The defendant, DiSpazio Corporation was repairing the sidewalk in question.
Procedural Status
The defendant DiSpazio Corporation, has filed a Motion to Strike Counts 6 and 8 (2/1/01 #114) of the complaint, dated 12/28/00. The plaintiff has filed a Brief in Opposition dated 3/19/01. CT Page 2094
The parties, through counsel, on 2/4/02 argued their respective positions concerning the defendant's DiSpazio Corporation, Motion to Strike dated 2/1/01. The court has reviewed the papers and now renders its decision.
Decision
Count 6 is an absolute public nuisance claim against DiSpazio Corporation. The defendant alleges that because the complaint failed to allege that the defendant intentionally caused or created the condition or nuisance in question, that count 6 must be stricken. The Court does not agree with that position. The court adopts the reasoning articulated by Judge D'Andrea in his Order of 5/23/01 #118 regarding the same topic.
Count 8 is a CUTPA claim. The allegations made in Count 8 do not satisfy the statutory and case law requirements for such an allegation.Williams Ford, Inc. v. Hartford Courant, Co., 232 Conn. 559, 593 (1995) and A-G Foods, Inc. v. Pepperidge Farm, Inc., 216 Conn. 200, 217 (1990).
The central focus of the plaintiffs claim is the claimed negligence of the defendant for an injury caused to the plaintiff. The claim is not really an action pursued to address a consumer based claim for inappropriate business conduct. Therefore, the CUTPA claim is stricken.
So Ordered.
 ___________________ JOHN R. DOWNEY SUPERIOR COURT JUDGE